UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x

CIT BANK, N.A.,

       Plaintiff,

 -v-                                              No.  14CV6793-LTS

JI YOUN MIN, YOOMI MIN, SUNG JIN MIN,
WASHINGTON MUTUAL BANK, F.A., THE
BOARD OF MANAGERS OF THE 200
CHAMBERS STREET CONDOMINIUM, NEW
YORK CITY ENVIRONMENTAL CONTROL
BOARD, NEW YORK CITY TRANSIT
ADJUDICATION BUREAU, QUEENS
LUMBER CO., INC., and NEW YORK CITY
PARKING VIOLATIONS BUREAU

       Defendants.

-------------------------------------------------------x

<u>MEMORANDUM OPINION AND ORDER</u>

Plaintiff CIT Bank, N.A., formerly known as OneWest Bank, N.A. ("CIT" or "Plaintiff") moves for judgment by default in this real property mortgage foreclosure action against Ji Youn Min ("Min"), Yoomi Min, Sung Jin Min, Washington Mutual Bank, F.A., New York City Environmental Control Board, New York City Transit Adjudication Bureau, Queens Lumber Co., Inc., and New York City Parking Violations Bureau (collectively, "Defendants").[1]

---

[1]     The Court hereby grants Plaintiff's motion to amend the caption and the Clerk of Court is directed to amend it as set forth above.  The current name of the Plaintiff entity is substituted for the former name OneWest Bank, N.A., and the action is dismissed without prejudice as against defendants United States of America (Eastern District), New York Supreme Court, New York State Department of Taxation and Finance, Ming Deng, and "John Doe No. 1" through "John Doe No. 10."  (<u>See</u> Docket Entry No. 57.)

Plaintiff seeks a judgment of foreclosure and sale and related relief in connection with a mortgage encumbering property located at 200 Chambers Street, New York, New York, pursuant to Article 13 of the New York Real Property Actions and Proceedings Law ("RPAPL").

Also before the Court is Defendant Min's motion to vacate entry of default pursuant to Federal Rule of Civil Procedure 55(c), and Min's motion to dismiss the Complaint for lack of standing and failure to state a claim pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). The Court has jurisdiction of the action pursuant to 28 U.S.C. § 1332. The Court has reviewed the parties' submissions thoroughly. For the reasons stated below, Min's motion to vacate the entry of default is granted, Min's motion to dismiss the Complaint is denied, and Plaintiff's motion for default judgment is denied without prejudice.

## BACKGROUND[2]

On or about March 9, 2007, Min executed and delivered to Just Mortgage, Inc. ("JMI"), and its successors and assigns a promissory note (the "Note") evidencing a loan made

---

Certificates of Default have been entered against all Defendants against which the motion is brought. The defendant Board of Managers of the 200 Chambers Street Condominium filed a notice of appearance on October 8, 2014, waiving service of papers other than notice of foreclosure judgment and sale, and reserving its lien rights. (Docket Entry No. 19.)

[2] The facts recited herein are drawn from the Complaint and are taken as true for the purposes of this motion. See Thompson v. Cty. of Franklin, 15 F.3d 245, 249 (2d Cir. 1994) ("When considering a party's standing, we 'accept as true all material allegations of the complaint, and must construe the complaint in favor of the complaining party.'" (quoting Warth v. Seldin, 422 U.S. 490, 501 (1975))). Additional facts are drawn from affidavits proffered by Plaintiff. See id. ("It is within the [district] court's power to allow or to require the plaintiff to supply, by amendment to the complaint or by affidavits, further particularized allegations of fact deemed supportive of plaintiff's standing." (alteration in original) (internal quotation marks omitted)).

to Min in the principal amount of $560,000 with interest.  (Compl. ¶ 23.)  On the same day, Min executed and delivered a mortgage (the "Mortgage") to JMI's nominee, Mortgage Electronic Registration Systems, Inc. ("MERS"), to secure payment set forth in the Note.  (Id. ¶ 24.)  The Note was then indorsed by JMI to IndyMac Bank ("IndyMac").  (Marks Aff. ¶ 4.)  The Federal Deposit Insurance Corporation ("FDIC") was appointed as IndyMac's conservator and receiver.  (Id. ¶ 5.)  Plaintiff then purchased the Mortgage from the FDIC.  (Id. ¶ 6.)

Two undated indorsements, or allonges, are attached to the Note.  (Id. ¶ 7.)  The first allonge was indorsed by the FDIC as receiver for IndyMac and made the Note payable to Plaintiff.  (Id.)  It was executed by Sandra Schneider ("Schneider") on behalf of the FDIC pursuant to a Limited Power of Attorney prepared by the FDIC.  (Id.)  The second allonge indorsed the Note in blank and was also executed by Schneider, but as Vice President of OneWest.  (Id. ¶ 8.)

The Note and Mortgage provided that, if Min did not pay the full amount of each monthly payment on the date it was due, Min would be in default.  (Compl. ¶ 28.)  Min failed to make her monthly installment payment due on October 1, 2016, and failed to make all subsequent monthly installment payments due thereafter.  (Id. ¶ 32.)  On April 16, 2014, a ninety-day pre-foreclosure notice was sent to Min pursuant to RPAPL § 1304.  (Id. ¶ 35; see also Edwards Aff. Ex. F.)  Plaintiff declared the entire balance of the principal indebtedness, all interest, and other charges due under the Note and Mortgage immediately due and payable.  (Compl. ¶ 38.)  However, Plaintiff has not received any payment from Defendants.  (Id. ¶ 40.)

Plaintiff filed the instant action on August 22, 2014.  Defendants failed to respond to the Complaint in a timely manner, and the Clerk of Court issued a Certificate of Default against Defendants on December 5, 2014.  (See Docket Entry Nos. 33-43.)  On January 30,

2015, the Court granted Plaintiff permission to make a motion for default judgment, ordered that the motion be accompanied by evidence sufficient to meet its burden of proof, and instructed Plaintiff to serve a copy of the Order on Defendants and file proof of such service within fourteen days.  (Docket Entry No. 47.)  There is no affidavit of service on the docket showing that Plaintiff served Defendants a copy of this order within the specified time frame.  Plaintiff filed its motion for default judgment on December 4, 2015.  (Docket Entry No. 57.)  On February 16, 2016, Min's attorney filed a notice of appearance (Docket Entry No. 67) and, on March 1, 2016, Min moved to set aside default and to dismiss the Complaint for lack of standing and failure to state a claim (Docket Entry No. 72).

### DISCUSSION

<u>Min's Motion to Vacate Entry of Default</u>

Federal Rule of Civil Procedure 55(c) authorizes the Court to set aside an entry of default "for good cause."  Fed. R. Civ. P. 55(c).  In the Second Circuit, courts assess three factors when deciding whether to relieve a party from default: "(1) whether the default was willful; (2) whether setting aside the default would prejudice the adversary; and (3) whether a meritorious defense is presented."  <u>Enron Oil Corp. v. Diakuhara</u>, 10 F.3d 90, 96 (2d Cir. 1993) (citations omitted).  "[B]ecause defaults are generally disfavored and are reserved for rare occasions," any doubt that "exists as to whether a default should be granted or vacated . . . should be resolved in favor of the defaulting party."  <u>Id.</u>  Thus, good cause "should be construed generously."  <u>Id.</u> (citations omitted); <u>see also</u> <u>American Alliance Ins. Co., Ltd. v. Eagle Ins. Co.</u>, 92 F.3d 57, 61 (2d Cir. 1996) (reversing the district court's denial of a motion to vacate a default judgment and stating that "[s]trong public policy favors resolving disputes on the merits.").

*Willfulness of Default*

In determining whether a default was willful, the Second Circuit "look[s] for bad faith, or at least something more than mere negligence, before rejecting a claim of excusable neglect based on an attorney's or a litigant's error." American Alliance, 92 F.3d at 60. "[D]efaults that arise from egregious or deliberate conduct" are enforced, but "careless or negligent errors" are not considered to be willful. Id. at 61. However, the degree of negligence resulting in a default is still "a relevant factor to be considered, along with the availability of a meritorious defense and the existence of prejudice." Id. "Gross negligence can weigh against the party seeking relief from a default judgment, though it does not necessarily preclude relief." Id. Min has proffered an explanation for her failure to timely respond to the Complaint, stating that she did not understand the Summons and Complaint, and that she initially consulted an attorney to determine what course of action to take because a prior lawsuit regarding the property had been discontinued. (Min Decl. ¶¶ 7-8.) Min also asserts that she did not receive from Plaintiff the January 30, 2015, Order granting Plaintiff permission to make a motion for default judgment (see Docket Entry No. 47), the pre-foreclosure notice, or any legal papers apart from the initial Summons and Complaint, so she was unaware that default had been entered against her until she received Plaintiff's motion for default judgment. (Min Decl. ¶¶ 2, 9-10.) Although Min may not have engaged in "egregious or deliberate conduct," she was at least negligent in not taking further action after receiving the Complaint. Her negligence must be weighed against the presence of prejudice and meritorious defenses, if any.

*Prejudice to Plaintiff*

Plaintiff argues that vacating default after such an "extreme" length of time will

Case 1:14-cv-06793-LTS-AJP   Document 92   Filed 08/03/16   Page 6 of 12

prejudice Plaintiff's ability to timely proceed with its foreclosure action. However, "delay alone is not a sufficient basis for establishing prejudice." <u>Davis v. Musler</u>, 713 F.2d 907, 916 (2d Cir. 1983) (citations omitted). It must be shown that delay will "result in the loss of evidence, create increased difficulties of discovery, or provide greater opportunity for fraud and collusion." <u>Id.</u> No such claim has been made here. Evidence will not be lost due to delay, as documentary evidence is in Plaintiff's possession and control. Delay will not burden the discovery process because it has not yet begun. There is also no indication that delay will provide any opportunity for fraud or collusion. Moreover, the fact that Plaintiff itself waited over ten months before filing its motion for default judgment after obtaining the Court's permission further indicates that some additional delay will not unduly prejudice Plaintiff. <u>See</u> <u>Enron</u>, 10 F.3d at 98 ("The fact that plaintiff waited over a year before seeking such relief strongly suggests that some further delay will not unduly prejudice it.").

*Meritorious Defenses*

In order to demonstrate that it has a meritorious defense, a defendant must present "evidence beyond conclusory denials to support his defense." <u>Id.</u> (citation omitted). "The test of such a defense is measured not by whether there is a likelihood that it will carry the day, but whether the evidence submitted, if proven at trial, would constitute a complete defense." <u>Id.</u>; <u>see also</u> <u>American Alliance</u>, 92 F.3d at 61 (holding that a meritorious defense does not need to be "ultimately persuasive at this stage" so long as it "give[s] the factfinder some determination to make." (citation omitted)). Here, Min has raised two issues in her defense, contending that (1) Plaintiff lacks standing to bring this foreclosure action because it has not shown that it possessed the Note prior to the commencement of this action, and (2) Plaintiff has failed to state

ONEWESTDEFAULT.wpd        VERSION AUGUST 3, 2016                                    6

a claim because it has not shown that it complied with the RPAPL's notice requirements.

When a defendant raises the issue of standing, the plaintiff "must prove its standing in order to be entitled to relief." OneWest Bank, N.A. v. Guerrero, No. 14-CV-3754-NSR, 2016 WL 3453457, at *3 (S.D.N.Y. Jun. 17, 2016) (citations and internal quotation marks omitted).  In a mortgage foreclosure action, a plaintiff has standing where it is the holder or assignee of both the mortgage and underlying note when the action is commenced.  Bank of New York v. Silverberg, 86 A.D.3d 274, 279 (N.Y. App. Div. 2011) (citations omitted).  If a promissory note is "tendered to and accepted by an assignee, the mortgage passes as an incident to the note," but a transfer of the mortgage without the note is a "nullity" because a mortgage is "merely security for a debt . . . and cannot exist independently."  See id. at 280 (citations omitted).  Thus, only the holder of the note has a demonstrated right to the debt and can pursue the foreclosure of a mortgage.  See id.  To be in possession of a transferred note, there must have been either a written assignment or physical delivery of the note prior to the commencement of the foreclosure action.  See id. at 281.  Physical delivery of the note must be accompanied by a dated allonge or indorsement in blank on the face of the note.  See Caraballo v. Homecomings Fin., No. 12-CV-3127-JPO, 2014 WL 2117225, at *4 (S.D.N.Y. May 21, 2014); Wells Fargo Bank, NA v. Burke, 125 A.D.3d 765, 767 (N.Y. App. Div. 2015) (holding that plaintiff bank's summary judgment motion should have been denied where the note included undated indorsements because it was unclear whether they were effectuated prior to the commencement of the action).

Min argues that Plaintiff lacks standing because Plaintiff has failed to establish that Schneider had the authority to transfer the Note from the FDIC to OneWest, or that Plaintiff took possession of the Note prior to commencing the action.  First, because the indorsements are

undated (Compl. ¶ 7), the current record does not demonstrate conclusively that Plaintiff possessed the Note before commencing this action on August 22, 2014. Although Plaintiff has provided an affidavit of Sujata Raman, the Director of OneWest, stating that Plaintiff became the holder of the Note on March 19, 2009 (Raman Aff. ¶ 4), it provides no details concerning the indorsement and delivery, and Raman was not the one who actually indorsed and signed the Note. Cf. OneWest Bank FSB v. Prestano, No. 131889/2009, 2015 WL 6205613, at *6-7 (N.Y. Sup. Ct. 2015) (in denying bank's summary judgment motion, stating that affidavits from OneWest employees that did not specifically address the issue of the undated indorsement were insufficient and that an affidavit from the actual indorser was required). There is, notably, no affidavit from Schneider, who indorsed the Note from the FDIC to OneWest. Moreover, the proffered documentation of Schneider's authority is unclear in that she is identified as an attorney-in-fact for the FDIC on the allonge transferring the Note from the FDIC to OneWest, and as Vice President of OneWest on the allonge indorsing the Note from OneWest in blank. Although Plaintiff has produced FDIC documents indicating that from March 20, 2009, Schneider had limited power of attorney authority to execute the allonge endorsed to OneWest on behalf of the FDIC as receiver for IndyMac (Jacobson Aff. Ex. B (listing limited power of attorneys for the FDIC)), these documents do not address the actual execution dates of the allonges. Thus, Min has a potentially meritorious defense of lack of standing.

    Min's second defense is that Plaintiff has failed to state a claim because it has not shown compliance with Section 1304 of the RPAPL, which provides that a lender or assignee must give notice to the borrower by registered or certified mail as well as first-class mail at least ninety days before the lender or assignee commences legal action against the borrower. See RPAPL § 1304(2) (2012). Failure to send notice required by the RPAPL is grounds for

dismissal of a foreclosure action.  See Kearney v. Kearney, 979 N.Y.S.2d 226, 232 (N.Y. Sup. Ct. 2013) (citation omitted).  To show compliance with the RPAPL notice requirement, the lender must provide "proof of actual mailing or proof of a standard office practice or procedure designed to ensure that items are properly addressed and mailed."  Kearney, 979 N.Y.S.2d at 233 (citations omitted).  "[A]ffidavits that merely state that the statutorily required documents were mailed within the statutory time period have been held insufficient to establish proof of actual mailing."  Id.; see also TD Bank v. Oz Leroy, 121 A.D.3d 1256, 1257 (3d Dep't 2014) (undated certified mail receipt insufficient to prove strict compliance with notice requirement).  Here, Plaintiff has alleged in its Complaint that it gave Min proper notice pursuant to the RPAPL.  (See Compl. ¶ 35.)  Thus far, Plaintiff has provided only an affidavit of Rachel Hook, OneWest's Assistant Secretary, certifying and affirming generally that notice was mailed in accordance with RPAPL requirements, but has not provided dated receipts, an affidavit by a person with knowledge of the mailing, or evidence as to Plaintiff's standard procedures.  (See Hook Aff. ¶¶ 3-5.)  Min thus has a second potentially meritorious defense because, if Plaintiff were unable to provide proof of actual registered or certified and first-class mailing, dismissal of the action would be warranted.

        In summary, setting aside the default entry will not result in undue prejudice to Plaintiff, and Min has presented two potentially meritorious defenses.  Although Min's negligent conduct in failing to respond to the Complaint weighs against vacating the default entry, there is not enough evidence of bad faith or deliberate conduct to warrant denying the motion to vacate.  Given the Second Circuit's instruction that good cause should be construed generously and that cases should be decided on the merits, the Court finds that there is good cause to vacate the entry of default.  Accordingly, Min's motion to vacate the entry of default is granted.

Plaintiff's Motion for Default Judgment

Plaintiff has moved for default judgment against Defendants Ji Youn Min, Yoomi Min, Sung Jin Min, Washington Mutual Bank, F.A., New York City Environmental Control Board, New York City Transit Adjudication Bureau, Queens Lumber Co., Inc., and New York City Parking Violations Bureau.  Of the defaulting defendants, only Min, the mortgagor and note obligor, has moved to vacate the entry of default.  It appears that effective relief cannot, however, be granted as against the other defendants before Plaintiff's rights under the mortgage have been resolved.  The Court therefore denies the default judgment motion, without prejudice, in its entirety.

Min's Motion to Dismiss

In addition to moving to vacate the default, Min has also moved to dismiss the Complaint for lack of standing and failure to state a claim, based on the same two defenses raised above, specifically arguing that Plaintiff has failed to establish possession of the Note prior to the lawsuit and proper notice under the RPAPL.

On a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1), "the non-conclusory factual allegations in the complaint, unless contradicted by evidence, are taken as true and all reasonable inferences drawn from those factual allegations are construed in favor of the plaintiff . . . . [T]he court may resolve the disputed jurisdictional fact issues by referring to evidence outside of the pleadings, such as affidavits." Sanderson v. Horse Cave Theatre 76, 881 F. Supp. 2d 493, 502 (S.D.N.Y. 2012) (citations omitted).  Here, Plaintiff's production of Raman's affidavit stating that Plaintiff became the holder of the Note on March 19, 2009, prior to commencement of the action (Raman Aff. ¶ 4), is sufficient at this stage to defeat Min's

motion to dismiss for lack of standing.

In deciding a Rule 12(b)(6) motion to dismiss, the Court accepts as true the non-conclusory factual allegations in the complaint and draws all reasonable inferences in the plaintiff's favor.  Roth v. Jennings, 489 F.3d 499, 501 (2d Cir. 2007).  Plaintiff's allegation that it sent Min the ninety-day pre-foreclosure notice pursuant to Section 1304 of the RPAPL (Compl. ¶ 35) is also facially sufficient at this stage.  Thus, Min's motion to dismiss for failure to state a claim fails as well.

## CONCLUSION

For the foregoing reasons, the Court grants Min's motion to vacate entry of default, denies Min's motion to dismiss for lack of standing and failure to state a claim, and denies Plaintiff's motion for default judgment without prejudice.

The Court grants Plaintiff's request to amend the case caption by replacing "OneWest Bank N.A." with Plaintiff's new name "CIT Bank, N.A." and striking Defendants United States of America (Eastern District), New York Supreme Court, New York State Department of Taxation and Finance, Ming Deng, and "John Doe No. 1" through "John Doe No. 10," as against which this action is dismissed without prejudice.  The Clerk of Court is respectfully directed to amend the case caption on the docket accordingly.

The initial pretrial conference in this action is scheduled for October 21, 2016, at 2:30 PM.  Counsel for Plaintiff and Min are directed to confer and make their pre-conference submission in accordance with the Initial Conference Order.  (Docket Entry No. 5.)

This Memorandum Opinion and Order resolves docket entry numbers. 57 and 72.

SO ORDERED.

Dated: New York, New York
August 3, 2016

    /s/   Laura Taylor Swain
LAURA TAYLOR SWAIN
United States District Judge